PER CURIAM.
This cause is before the court on the petition of Carroll D. Bright, respondent, to review the judgment of the Board of Governors of The Florida Bar that he be disbarred from the practice of law in Florida and pay the cost of the proceedings in the amount of $479.61.
The facts, as stated in the judgment of the Board of Governors, are:
“The respondent as attorney for one Mary E. Emile, a widow, received $100,000.00 to be held in trust for her. Said funds were deposited in a Federal Savings and Loan Institution during 1959 in the name of respondent as trustee. Thereafter respondent borrowed $40,000.00 from the Savings Institution and pledged said trust funds as collateral. The proceeds of the $40,000.00 loan were not used for the benefit of the trust estate but were used for respondent’s private purposes and converted to his own use. He did not repay the loan and the trust account was accordingly charged the amount thereof. No effort has been made to effect restitution. On the contrary, respondent has claimed the $40,000.00 loan represented a fee due him by the estate. The referee found that respondent had received more than $21,000.00 in fees and that no additional fees were then, or have become, due.”
The referee and tire Board found such conduct to be in violation of Art. XI, Rule 11.02(4) of the Integration Rule, 31 F.S.A., Canon 11 of the Canons of Professional Ethics, 31 F.S.A., and Rules 1, 27 and 28 of the Additional Rules governing the conduct of attorneys in Florida, 31 F.S.A., and recommended disbarment.
We have studied the record, heard argument of counsel in the matter and concluded that respondent is guilty as charged. It is the judgment of this court that respondent be suspended from the practice of law for three years from the filing of this opinion and thereafter until he shall make full restitution of the $40,000.00, the property of the trust estate of Mary Emile, pay the costs of this proceeding in the amount of $479.61 and until he shall demonstrate to the Board of Governors of The Florida Bar and to this Court that he is entitled to be reinstated to the practice of law in accordance with Art. XI, Rule 11.10 of the Integration Rules. Until he is reinstated by order of this court respondent shall not directly or indirectly engage in the practice of law.
It is so ordered.
DREW, C. J., and THOMAS, O’CON-NELL, CALDWELL and HOBSON (Ret.), JJ., concur.